IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WILLIAM DEWAYNE GRANT,**

      **Petitioner,**

  v.            **CASE NO. 04-3186-RDR**

**UNITED STATES BUREAU OF PRISONS, et al.,**

      **Respondents.**

### ORDER

Petitioner proceeds pro se and in forma pauperis on a petition for writ of habeas corpus under 28 U.S.C. 2241. Having reviewed the record, the court finds this matter is ready for decision.

Petitioner is serving a 120 month sentence for his conviction in the United States District Court for the Western District of Michigan on a plea of guilty to the charge of being a felon in possession of a firearm. <u>U.S. v. Grant</u>, Case No. 97-CR-42-01 (W.D.Mi. 1997). Petitioner was arrested by the United States Marshal Service on April 17, 1997, and appeared in federal court pursuant to a writ of habeas corpus ad prosequendum issued to Michigan authorities where petitioner was confined in a county jail serving a six month sentence. While petitioner was in temporary federal custody pursuant to that writ, the six month Michigan sentence expired and petitioner was thereafter arrested and convicted in a Michigan state court on petitioner's plea to

one charge of manslaughter in Berrien County Circuit Court Case No. 97-402937.  On August 22, 1997, the state court judge ordered petitioner to serve a 4 to 15 year sentence, and ordered the sentence to run concurrent to the sentence yet to be imposed in plaintiff's pending prosecution in federal court.  Petitioner received credit on that state sentence for the 86 days between his arrest on state manslaughter charges on May 29, 1997, and his state sentencing on August 22, 1997.  On November 18, 1997, the federal court sentenced petitioner to a 120 month prison term on the firearm conviction.  The Bureau of Prisons (BOP) lodged a detainer with the Michigan Department of Corrections for petitioner's future service of this federal sentence.

In his application for a writ of habeas corpus petitioner first claims he is entitled to jail credit on his federal sentence, pursuant to 18 U.S.C. 3585(b), for the time he was in federal detention pursuant to the writ of habeas corpus ad prosequendum, and for all time spent in state custody following his arrest on the federal firearm charge on April 17, 1997.  Second, petitioner contends he is entitled to concurrent service of his state manslaughter and federal firearm sentences, as directed by the state court judge.

The United States district courts are authorized to grant a writ of habeas corpus to a prisoner who demonstrates he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. 2241(c)(3).  The Attorney General is responsible for computing detention credit due under 18 U.S.C.

3585(b). United States v. Wilson, 503 U.S. 329, 334 (1992). Federal regulations afford prisoners administrative review of the computation of jail-time credit, and prisoners can seek judicial review of these computations after exhausting their administrative remedies.[1] Id. at 335-36. *See also* Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986)(a prisoner's prior exhaustion of administrative remedies is generally required).

Credit for time spent in official detention prior to the date a federal sentence commences clearly is precluded if that period of detention was credited against another sentence. 18 U.S.C. 3585(b). Because petitioner's confinement from his arrest to sentencing on the state manslaughter charge was clearly credited toward that state sentence, credit toward petitioner's federal firearm sentence is precluded notwithstanding petitioner's temporary confinement in federal custody pursuant to the writ of habeas corpus ad prosequendum.

Likewise, petitioner's reliance on a state court order for concurrent service of petitioner's manslaughter sentence to the federal sentence handed down more than three months later is misplaced. The federal court expressly ordered the firearm

---

[1] In the present case, the record is thin at best regarding petitioner's exhaustion of administrative remedies on either claim. On the jail credit claim he states he exhausted administrative remedies, *see* Complaint Doc. 1, p.5, but provides no information or documentation of the issue(s) raised or any responses received therein. On his concurrent service claim, petitioner simply states he pursued "administrative remedies, letters, conversations with various staff members" to no avail. *See* Complaint, Doc. 1, p.6.

sentence to be served consecutive to petitioner's state sentence in Case No. 97-402937. BOP's execution of petitioner's sentence to effect this clear directive does not violate petitioner's rights under federal law or the Constitution.

Petitioner's reliance on United States Marshal Service memorandums stating that petitioner's federal sentence was concurrent to his state sentence, or that petitioner was not serving a state sentence in November 1997, also is misplaced because these memorandums clearly contradict the federal sentencing court's order. *Compare, e.g.*, McConnell v. Martin, 896 F.2d 441, 446 (10th Cir. 1990)(parole revocation hearing not required where Marshal Service's execution of warrant was contrary to Parole Commission's instructions). Additionally, respondents state that petitioner never sought a nunc pro tunc designation of a Michigan correctional facility for petitioner's initial service of his federal sentence. *See* BOP Program Statement 5160.05 (providing for nunc pro tunc designation of federal prisoner to non-federal facility to allow concurrent service of federal and state sentences, but noting such designation normally occurs only if consistent with *federal* court's intent in sentencing).

In his traverse and later filed supplements,[2] petitioner

---

[2] The court grants petitioner's motion (Doc. 15) to introduce "newly discovered evidence" of the criminal docket sheet in his federal case, 97-CR-42 (W.D.Mi.), and motion (Doc. 16) to produce "extrinsic evidence" of habeas corpus writs issued for petitioner's appearance in Berrien County Circuit Court for arraignment and sentencing.

maintains his six month Michigan state sentence expired on April 24, 1997, and not on May 28, 1997, as reported by respondents in response to petitioner's traverse. Petitioner argues the writ of habeas corpus ad prosequendum thereby dissolved upon expiration of that state sentence, and he was thereafter entitled to full credit on his federal sentence for all further federal confinement. *See e.g.* Brown v. Perrill, 28 F.3d 1073, 1075 (10th Cir. 1994)(state's power to loan a prisoner to federal authorities under writ of habeas ad prosequendum ended when prisoner's state sentence terminated). However, petitioner's claim of a release date prior to May 28, 1997, is inconsistent with his explanation that he served three months of the six month sentence imposed on February 28, 1997.[3] Nor under the circumstances is there merit to petitioner's argument that the state's primary jurisdiction and the federal writ "dissolved" upon service of that sentence. *Compare* id. (loss of state custody recognized only where federal custody continued well beyond the short duration typical for confining a state prisoner on a writ of habeas corpus ad prosequendum).

Accordingly, for the reasons stated herein, the court

---

Petitioner's request (Doc. 14) to substitute a corrected page 4 in his Clarification to the Government's Response to Petitioner's Traverse (Doc. 13) is granted.

[3] Also, there is no indication in the record that petitioner ever administratively sought credit on his federal sentence for his detention on the writ after April 24, 1997, the date he now identifies as his release date on his six month state sentence with application of good time.

concludes petitioner is entitled to no relief under 28 U.S.C. 2241.

IT IS THEREFORE ORDERED that petitioner's motion for introduction of evidence (Doc. 15) and motion to produce extrinsic evidence (Doc. 16) are granted.

IT IS FURTHER ORDERED that the petition for writ of habeas corpus is denied.

DATED: This 11th day of August 2005, at Topeka, Kansas.

s/ Richard D. Rogers<br>
RICHARD D. ROGERS<br>
United States District Judge